UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

CAROL K. ROSICH,

        Debtor.

_____/

JEFF A. MOYER, chapter 7 trustee,

        Plaintiff,

v.

JOHN JAY ROSICH and CAROL K.
ROSICH,

        Defendants.

_____/

Case No. DG 13-06483
Hon. Scott W. Dales
Chapter 7

Adversary Pro. No. 15-80203

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                Chief United States Bankruptcy Judge

The court held a hearing on December 14, 2016, in Grand Rapids, Michigan, to consider

the motion of plaintiff Jeff A. Moyer, chapter 7 trustee (the "Trustee") to amend his complaint

against defendants John and Carol Rosich (the "Defendants"). *See* Plaintiff's Motion for Leave to

File First Amended Complaint (the "Motion," ECF No. 16). The Defendants oppose the Motion.

The court acknowledges the axiom that leave to amend should be liberally granted, but this

flexibility does not extend to any amendment that would be futile. A court may find futility where

the proposed pleading falls outside the court's jurisdiction, or does not state a claim, or even where

it is subject to an ironclad defense, such as a time-bar. Here, the Plaintiff concedes that under §

546(a)(1), the proposed amendment would be untimely unless the new claims are deemed to relate back to the filing of the original complaint under Fed. R. Civ. P. 15(c).  The Defendants argue that the proposed amendment would be time-barred, notwithstanding the rule, because the new claim is not part of the same transaction at issue in the original complaint.

The relevant language of the rule provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading . . ."  Fed. R. Civ. P. 15(c)(1)(B).

The Sixth Circuit teaches that the relation back depends largely on "whether the party asserting the statute of limitations defense had been placed on notice that he could be called to answer for the allegations in the amended pleading."  *Durand v. Hanover Ins. Grp., Inc.*, 806 F.3d 367, 375 (6th Cir. 2015) (citations omitted).  The issue is one of appropriate notice or surprise, and courts will permit relation back "if there is an identity between the amendment and the original complaint with regard to the general wrong suffered and with regard to the general conduct causing such wrong."  *Miller v. Am. Heavy Lift Shipping*, 231 F.3d 242, 250 (6th Cir.2000).  Nevertheless, "a claim with entirely different 'operative facts' will not relate back."  *Durand*, 806 F.3d at 375 (quoting *Miller*).

Here, a trustee's avoidance powers, as a matter of statute, are transaction-specific, generally tied to particular transfers or obligations incurred.  11 U.S.C. § 544(a) (referring to "transfer" or incurrence of "obligation"); M.C.L. § 566.34 (referring to "transfer made or obligation incurred"); S.C. Code § 27-23-10 (referring to "gift, grant, alienation, bargain, transfer and conveyance" *etc*.).  The gravamen of the original complaint is the transfer of real estate in Hesperia, Michigan, from the Debtor's self-settled revocable trust to the Debtor and her husband

(as tenants by the entireties).  The passing reference in the original complaint to the Defendants' use of the sale proceeds from the South Carolina property does not put them on notice that they might be required to answer for the recovery or value of that property in this adversary proceeding. The operative facts of the transfer of the South Carolina property differ from those relating to the transfer from the Defendants' revocable trust -- a different asset (real estate in South Carolina), a different transferee (a third party), a different point in time (three years before the transfer of the Michigan parcel out of the trust).

It is not fair to say that the Defendants were on notice of the Trustee's intent to avoid the transfer of the South Carolina property, or that the original complaint "implicitly sought to avoid and recover"[1] on account of the 2008 transaction, when the court itself does not read the original complaint in the way the Trustee now advocates.  *See* Pretrial Order dated November 12, 2015 (ECF No. 7) at p. 2 (framing issues based on original complaint).

Moreover, the court notes that under its Pretrial Order, the deadline for completing discovery has passed except as informally extended by the agreement of the parties because of their dispute about the scope of the attorney-client privilege.  In addition, unlike many litigants, a bankruptcy trustee has unusual opportunities for pre-suit investigation, including an examination under Fed. R. Bankr. P. 2004, review of a debtor's schedules, and interrogation of a debtor at the creditors' meeting under § 341.  Indeed, the original complaint shows that the Trustee in fact inquired about the Debtor's interest in the South Carolina property at the creditors' meeting, yet the precise definition of "Transfer" -- the "conduct, transaction, or occurrence" at the heart of the original -- mentions only the transfer of the Michigan property out of the trust.  *See* Complaint at ¶¶ 15 (referring to testimony at the meeting of creditors) and 16 (defining the "Transfer" without

---

[1] *See* Plaintiff's Brief in Support of Motion for Leave to File First Amended Complaint (ECF No. 16-3) at p. 13.

reference to the South Carolina property and identifying specific Warranty Deed as Exh. D). By now, more than eight years have passed since the transfer of the South Carolina property which the Trustee now hopes to unravel. At this late date, the two passing references to the South Carolina property within the original complaint does not warrant the *nunc pro tunc* relief the Trustee now requests under Fed. R. Civ. P. 15(c)(1). Accordingly, the court will deny the Motion.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (ECF No. 16) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Carol K. Rosich, John Jay Rosich, Jeff A. Moyer, Esq., Andrew J. Gerdes, Esq., and Robert A. Stariha, Esq.

[END OF ORDER]

**IT IS SO ORDERED.**

**Dated January 3, 2017**



_____
Scott W. Dales
United States Bankruptcy Judge