UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

CAROL K. ROSICH,

        Debtor.

_____/

Case No. DG 13-06483
Hon. Scott W. Dales
Chapter 7

JEFF A. MOYER, chapter 7 trustee,

        Plaintiff,

v.

JOHN JAY ROSICH and CAROL K.
ROSICH,

        Defendants.

_____/

Adversary Pro. No. 15-80203

AMENDED[1] MEMORANDUM OF DECISION & ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                 Chief United States Bankruptcy Judge

## I.  INTRODUCTION

Depending on one's point of view, this proceeding is either an untimely challenge to

exemptions, or a timely effort to avoid a fraudulent transfer, or perhaps both.  At the heart of the

dispute is a transfer of real property in Hesperia, Michigan (the "Property"), by John and Carol

Rosich to themselves as tenants by the entireties, from a revocable trust of which they were both

settlors and beneficiaries.  Jeff A. Moyer, Carol Rosich's chapter 7 trustee, sued Ms. Rosich and

her husband, John, to avoid and recover the Property, alleging that they created the entireties estate

---

[1] The court amends its Memorandum of Decision & Order dated June 23, 2017, to correct the Plaintiff's name in cited case *In re Lewiston*.  *See* p. 4.

at the expense of creditors in a transfer voidable under 11 U.S.C. § 544(b) and Michigan's Uniform Fraudulent Transfer Law, M.C.L. §§ 566.31 *et seq*. ("MUFTA").

## II.  ANALYSIS

Ms. Rosich (the "Debtor") filed a petition for relief under chapter 7 on August 14, 2013; her husband and co-defendant, John Rosich, did not.  The Debtor claimed the Property, which she held by the entireties, as exempt, drawing a limited objection from Mr. Moyer (the "Trustee").  In sustaining the Trustee's limited objection, the court permitted the Debtor's exemption to stand, but recognized that the Property would be liable to pay joint claims, if any, as explained more fully below.  Nearly two years after the petition date, the Trustee filed this "strong arm" proceeding against the Debtor and her husband (the "Defendants") to avoid the transfer that created the Defendants' tenancy by the entireties, and recover the Property or its value for the benefit of creditors.  11 U.S.C. §§ 544(b) and 550(a).

After the close of discovery, and following some earlier motion practice through which the court determined that the Debtor transferred a valuable interest in the Property when she and her husband created the entireties estate, the Trustee filed Plaintiff's Motion for Summary Judgment (ECF No. 36, the "Motion").  Through the Motion under Fed. R. Civ. P. 56 he seeks an order (1) avoiding the transfer of the Property as a constructively fraudulent conveyance under state law; and (2) if necessary, awarding relief under § 550.  The Trustee takes the position that avoidance gives him all the relief he needs, due to his view of what occurs as a matter of law when a court avoids a transfer under Chapter 5.  The Defendants deny that the transfer is avoidable, and they oppose the Motion.

The court heard oral argument on May 24, 2017, and at the conclusion of the hearing, announced its intention to postpone its ruling in order to give the parties an opportunity to settle their dispute. The parties have reported that there is no settlement in prospect.

As the court indicated on the record during the hearing, there is no genuine issue as to any material fact regarding whether the transfer of the Debtor's interest in the Property is avoidable as a constructively fraudulent transfer under the MUFTA. The statute upon which the Trustee relies in his Motion (for avoidance) provides in relevant part:

> A transfer made or obligation incurred by a debtor is voidable as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

M.C.L. § 566.35(1). In addition, as part of the Trustee's case under § 544(b), he must prove the existence of a creditor "holding an unsecured claim that is allowable under section 502 of this title . . ." In response to the Trustee's interrogatories, the Defendants have admitted the existence of such a creditor holding a pre-transfer claim, and the Claims Register so confirms. The Defendants have also admitted that the Debtor was insolvent on May 26, 2011, the date of the warranty deed from the trust to the Defendants.

Initially in response to the Trustee's interrogatories, the Defendants also admitted that the Debtor received no consideration in exchange for the transfer, but they later supplemented their interrogatory response to assert a legal argument suggesting that the Debtor actually improved her position through this transaction. According to this argument, instead of holding a contingent interest under a revocable trust before the transfer, she held a vested interest as tenant by the entireties after the transfer, thus augmenting her interest in the Property. As the court stated when

denying the Defendants' prior motion for judgment on the pleadings, however, the court views the reasonable equivalence of value not from the Debtor's perspective of what she gave up, but from the creditors' perspective, comparing what they lost because of the Debtor's transfer and what, if anything, they gained as a result. As the Honorable Laurence E. Howard of this court observed, "[a] determination of what constitutes fair consideration must be made from the creditors' standpoint and depends upon whether the conveyance renders the debtor execution proof." *Anderson Indus. Inc. v. Anderson (In re Anderson Indus., Inc.)*, 55 B.R. 922, 927 (Bankr. W.D. Mich. 1985). The court asks the common-sense question: Did the transfer harm the creditors?

From the creditors' perspective, while the Property remained in trust, it was subject to their individual claims against the Debtor, either as a settlor of the trust under M.C.L. § 700.7506 and *Kohut v. Lois and Richard Lewiston Trust (In re Lewiston)*, 532 B.R. 36 (Bankr. E.D. Mich. 2015), or as beneficiary. In either capacity, the entire value of the real estate was available for execution while it remained in the self-settled, revocable trust. Accordingly, the Trustee has satisfied his burden of proving that the transfer of the Debtor's interest in the Property from the revocable trust to the Defendants is avoidable under § 544(b) and the MUFTA. The court, therefore, will grant the Motion as to Count II (the constructively fraudulent transfer count).

In his papers, and during oral argument, the Trustee posits that simply avoiding the transfer will give the estate all the recovery it seeks in this adversary proceeding, assuming the court shares the Trustee's view of the consequences of avoidance, or the effect of the automatic preservation of the transfer that occurs under § 551. The court, however, does not share the Trustee's view for several reasons.

At the outset, the court does not regard avoidance as equivalent to recovery because, as the Sixth Circuit stated in *Suhar v. Burns (In re Burns)*, 322 F.3d 421 (6th Cir. 2002), the concepts

and remedies are distinct.  Whether avoidance of a transfer (and automatic preservation under §

551) will make the estate whole depends largely on whether the interest transferred is possessory

(as in the Debtor's case) or nonpossessory (as in the *Burns* case).  The Sixth Circuit explained:

> In the case of creditors who have possessory interests in the debtor's
> property, the trustee will generally have to pursue recovery, because
> mere avoidance would not bring the property back into the estate's
> possession.  In contrast, in cases involving creditors such as IMC
> who have nonpossessory interests in the debtor's property, trustees
> will generally not have to seek recovery, and the creditors will not
> be entitled to any of the § 550(e) protections.

*Burns*, 322 F.3d at 428.  Although the instant case is unusual because it involves a trustee's suit

against a debtor regarding property that is, to some extent, already included within the estate, the

Debtor in this case has exempted the Property (as a practical matter insulating it from most claims),

and the Debtor's non-filing husband holds a concurrent interest in the Property -- an interest that

is not within the bankruptcy estate.  For these reasons alone, mere avoidance under § 544(b)

without recovery under § 550 is inadequate.  Rather, the court regards a decision to avoid a transfer

as merely declaratory relief establishing the predicate for possible recovery or money judgment

under § 550, or perhaps relief under § 551, depending on the circumstances of a particular transfer.

The Trustee's argument that the avoidance of a transfer of a possessory interest is sufficient

would read out of the Bankruptcy Code any role for § 550 recovery, and would treat it as irrelevant

surplus.  Moreover, his view fails to make sense of other portions of the Code, particularly §

541(a)(3) which refers to property recovered under § 550, not property avoided under § 544.  *See*

11 U.S.C. § 541(a)(3).

It is true, however, that § 541(a)(4) includes within a bankruptcy estate "any interest in

property preserved for the benefit of . . . the estate . . . under section . . . 551," but this phrase, like

the text of § 551 itself, speaks in terms of preservation, not enhancement.  Given the statutory text,

the court is not impressed with the Trustee's argument under § 551 because the statute only preserves the transfer, it does not otherwise enhance a trustee's rights in the property transferred. *Cf. In the Matter of DeLancey*, 94 B.R. 311, 313 (Bankr. S.D.N.Y. 1988) ("when . . . the avoided lien which is sought to be preserved is inferior to subsequent valid liens, the inferior lien cannot be enhanced by its preservation under 11 U.S.C. § 551"). In the court's reckoning, assuming avoidance of a transfer, § 551 only gives a trustee the right to treat the transfer as if it were not avoided if doing so offers an advantage, typically against other claimants in the property. In effect, it preserves the *status quo* before the avoidance. "The rationale behind the automatic preservation rule for transfers and liens avoided by a trustee in bankruptcy is that the estate should benefit from each avoidance rather than promoting the priority of unavoidable junior secured interests who would otherwise improve their positions at the expense of the estate." *Id.* (citing 2 Norton, Bankr. L. & Prac. § 37.01 (1988)). Here, if the transfer is merely preserved (as the statute says), the Property will still be held by the entireties, subject to the Debtor's exemption claim. There is no language in § 551 that would permit a trustee to enhance his rights beyond simply asserting the effectiveness of the transfer as against third-parties.

For these reasons, the Trustee may not rely exclusively on the avoidance under § 544, and therefore must establish a right to a second form of relief, namely recovery of the Property or its value under § 550. At this point, however, the Trustee runs into the concerns the court and the Debtor have been expressing for several months about the effect of the Debtor's unchallenged exemption in the Property, and whether this adversary proceeding amounts to "an end-run around [the court's] rules and procedures governing exemptions, or the statutory limits on its authority to address allegations of exemption-related misconduct." *See* Memorandum of Decision and Order dated December 22, 2016 at p. 8, n.4 (ECF No. 28).

As noted at the beginning of this opinion, the transfer at issue -- and the one the court intends to avoid -- is the conveyance of the Debtor's interest in the Property to herself and her husband as tenants by the entireties.  The transfer is problematic, indeed fraudulent as the Trustee argues, because property held as a tenancy by the entireties is not subject to execution to satisfy the claims of individual creditors, only those of joint creditors.  The bankruptcy exemption scheme recognizes this nature of entireties property, and authorizes a debtor to claim such property as exempt, as the Debtor did, but only to the extent the interest would be exempt from process under applicable non-bankruptcy law.  11 U.S.C. § 522(b)(3)(B).  Certainly, if the Trustee or other interested party had timely objected to the Debtor's entireties exemption on the ground that an insolvent debtor cannot create an entireties estate at the expense of her creditors, the court would have sustained the objection under the same principles warranting avoidance under Michigan law. *See, e.g., Newlove v. Callaghan,* 86 Mich. 297, 48 N.W. 1096 (1891) ("In other words, estates in entirety cannot be created at the expense of creditors, and held in fraud of the latter's right.").

The Bankruptcy Code respects state law limits on entireties property, 11 U.S.C. § 522(b)(3)(B), but only if a party in interest timely objects.  If a party fails to object within the time prescribed, the property claimed as exempt "is exempt," 11 U.S.C. § 522(*l*), and the court must respect exemptions even if they are claimed without a colorable basis.  *See Taylor v. Freeland & Kronz*, 503 U.S. 638, 643-44 (1992); *In re Laurain*, 113 F.3d 595 (6th Cir. 1997) (describing deadline as "jurisdictional").

Here, there is no dispute that the Debtor listed her interest in the Property on Schedule A, and claimed it as exempt pursuant to § 522(b)(3)(B) on Schedule C.  The Trustee timely objected to the exemption claim, but only on the ground that, as to entireties property, the exemption did not extend to creditors holding joint claims; his objection did not challenge the creation of the

entireties estate itself. The latter objection, of course, would have carried the day, as noted above. Nonetheless, the deadline to object to the Debtor's exemption claim in the Property passed long ago -- on November 22, 2013. *See* Fed. R. Bankr. P. 4003(b)(1).[2]

Indeed, taking judicial notice of the court's own records, the Claims Register includes a single joint claim in the amount of $1,414.71 filed by BB&T Bankruptcy (Claim No. 2), and the Trustee's Forms 1 and 2 filed in the base case on July 29, 2016 show a payment from Defendants' counsel in that same amount for a "Joint Debt -- Tenancy by the Entirety" that is "fully administered." Consequently, it would appear that the Trustee has already administered the Property, using the court's order sustaining his timely objection to induce Debtor's counsel to write a check to satisfy joint claims in compliance with the order. The court may be forgiven for perceiving the current adversary proceeding -- through which the Trustee seeks to recover the Property and make it "liable" to pay claims -- as inconsistent with the outcome of his objection to the Debtor's exemptions several years ago, and indeed, as untimely under Fed. R. Bankr. P. 4003(b)(1).

The Trustee, however, resists applying Fed. R. Bankr. P. 4003(b)(1) in a manner that interferes with his avoidance and recovery powers under Chapter 5, relying principally on the decision of the United States Court of Appeals for the Tenth Circuit in *Zubrod v. Duncan (In re Duncan)*, 329 F.3d 1195 (10th Cir. 2003), and the Rules Enabling Act, specifically 28 U.S.C. §

---

[2] In advance of oral argument on the Motion, the court invited the parties to discuss the possible applicability of the longer deadline for objecting to exemptions "if the debtor fraudulently asserted the claim of exemption." Fed. R. Bankr. P. 4003(b)(2). At the hearing, the Trustee made no meaningful argument that this longer period applies here in the face of the Defendants' contention that there was nothing fraudulent in *claiming* the exemption in this case, and that the Debtor concealed nothing about the Property or the exemption claim from the Trustee. The distinction between the creation of the entireties estate prepetition (which may be the product of a fraudulent transfer) and a debtor's candor in claiming the exemption post-petition seems principled and consistent with the text of the rule and official commentary. In the absence of meaningful response to the court's letter to counsel dated May 10, 2017 (ECF No. 42), the court concludes that Fed. R. Bankr. P. 4003(b)(2) is not implicated here, and the Trustee may not rely on it.

2075. *Duncan* is not binding, nor is it particularly persuasive, given its focus on the two year limitation period under § 546 for avoidance actions. The Tenth Circuit's decision states that the thirty day deadline under Fed. R. Bankr. P. 4003(b) does not foreclose as untimely an adversary proceeding brought to avoid a fraudulent transfer, if filed within two years after the order for relief. This court agrees with the Tenth Circuit, as far as the seeming conflict between Fed. R. Bankr. P. 4003(b) and § 546 goes, and in fact in today's opinion has announced its intention to avoid the transfer of the Property. The avoidance action is timely.

The real conflict -- and one not addressed in *Duncan* -- is the statutory conflict between § 522(c) and § 550(a). With certain exceptions not relevant to the Trustee's claims in this case, § 522(c) explains what it means for property to be "exempt" under the Bankruptcy Code:

> (c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case . . .

11 U.S.C. § 522(c). The only contingency identified in the statute that would forfeit the protection of the exemption is dismissal of the bankruptcy case. *Id.* The Bankruptcy Code extends this protection for exempt property, again with exceptions not relevant here, by decreeing that "[p]roperty that the debtor exempts under this section is not liable for payment of any administrative expense . . ." 11 U.S.C. § 522(k); *Law v. Siegel*, 134 S. Ct. 1188 (2014).

Returning to the Trustee's second request for relief in the Motion -- recovery under § 550(a) -- the statute plainly conditions such relief on a showing that the remedy will bestow a benefit on the estate. 11 U.S.C. § 550(a) (permitting a trustee to recover property "for the benefit of the estate"). "[T]he fact that avoidance is a necessary precondition to § 550 recovery does not imply that avoidance is a sufficient condition for § 550 recovery or that avoidance automatically triggers § 550 recovery." *Spradlin v. Cashman (In re Licking River Mining, LLC)*, 565 B.R. 794, 801

(Bankr. E.D. Ky. 2017).  It goes without saying that the bankruptcy estate exists to pay prepetition claims and the expenses of administration, so recovery of exempt property -- which by definition cannot be used for those purposes -- will not benefit the estate.[3]  In other words, because § 522(c) and (k) together establish that the Property is not "liable" for most prepetition claims or costs of administration, the Property cannot benefit the estate.  And, without a benefit to the estate, there is no predicate for recovery under § 550, at least insofar as the Debtor's exempt interest in the Property is concerned.  It is conceivable, too, that although Mr. Rosich has not filed a bankruptcy petition and therefore is not entitled to an exemption, the protection that the Property enjoys from the claims of the Debtor's creditors could extend to him as her dependent under § 522(a)(1) and as the other holder of the indivisible interest in the Property.

Nor, for that matter, does the Trustee's argument under the Rules Enabling Act move the court to disregard the effect of the Debtor's unchallenged exemption.  It is not accurate to say that by enforcing the deadlines adopted by the Supreme Court and Congress when they promulgated Fed. R. Bankr. P. 4003(b) that the court is modifying the parties' substantive rights.  *See* 28 U.S.C. § 2075 (rules may not "abridge, enlarge, or modify any substantive right").  No one is suggesting that the thirty day deadline impermissibly enlarges a debtor's exemption rights, even though the passage of the deadline shields all exemption claims, even if not colorable.  *Taylor*, 503 U.S. at 643-44.  The Trustee's rights to avoid and recover transfers under Chapter 5 are no more abridged by Fed. R. Bankr. P. 4003(b) than a debtor's exemption rights under § 522 (and state law) are enlarged by the deadline.  Instead, the rule governs the practice and procedure for asserting rights, specifically the right to challenge exemptions.  The consequences of making an unchallenged exemption claim are set by statute, as fortified by *Taylor*.  "Undoubtedly most alterations of the

---

[3] Property that is of inconsequential value or benefit to the estate should be abandoned. 11 U.S.C. § 554.

rules of practice and procedure may and often do affect the rights of litigants," but "incidental effects" of a procedural rule on the outcome of a dispute do not render the rule inconsistent with the Rules Enabling Act, as enlarging, modifying, or abridging a substantive right within the meaning of the Act. *Hanna v. Plumer*, 380 U.S. 460, 464-65 (1965). Rather, according to the United States Supreme Court in *Taylor*, "[d]eadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." *Taylor*, 503 U.S. at 644. A trustee who fails to object to improper or legally vulnerable exemption claims within the time allowed under the rule must live with the exemption and its consequences.

Under the circumstances, because § 522(c) and (k) make quite clear that the Property is not liable for prepetition or administrative claims, recovering the Property promises no benefit to the estate. Without such a benefit resulting from recovery, the court is unwilling to permit recovery of the Property *in specie* under § 550(a).

Section 550, however, provides alternative relief to a trustee if, for some reason, the property subject to the avoidable transfer cannot be recovered. More specifically, the statute authorizes recovery "or, if the court so orders, the value of such property" from the initial transferee or subsequent transferees. Just as the statute conditions recovery of the Property upon proof of a benefit to the estate, it similarly conditions the entry of a money judgment for the value of the Property on the discretion and willingness of the court to impose the alternate remedy. *See* 11 U.S.C. § 550(a); *see also Frank v. McLain (In re Peet Packing Co.)*, 233 B.R. 387, 397 n.9 (Bankr. E.D. Mich. 1999) (" … § 550(a) appears to invest the court with the equitable discretion to not permit recovery from an initial transferee under appropriate circumstances."). Given the court's concern that this proceeding to some extent circumvents the Debtor's exemptions, and given that the Trustee's timely objection to the Debtor's exemption claim was resolved with a court order

(Base Case ECF No. 8), there may be equitable reasons, including collateral or judicial estoppel, that justify the court's hesitation to enter a money judgment against her.

As to Mr. Rosich, the court has no similar compunction based on § 522 because, as noted above, he is not a debtor and has no right to an exemption under § 522.  And, although § 522 may, to some extent, protect a debtor's non-filing dependents indirectly, it does not protect them from the claims of their own creditors.  Certainly the indivisible nature of entireties property complicates the analysis, but the court does not read § 522 as giving a non-filing spouse that much leverage, especially where, as here, the court has determined that the spouse is the initial transferee of a fraudulent transfer.

In any event, the court cannot grant the Motion as to Count III (which seeks recovery of the Property or its value under § 550) because the record does not establish the value of the Debtor's interest, either at the time of the transfer, or on the petition date, or at present.  As the Honorable James D. Gregg has observed, "[t]he purpose of section 550 is 'to restore the estate to the financial condition it would have enjoyed if the transfer had not occurred.'" *Feltman v. Warmus (In re American Way Service Corp.)*, 229 B.R. 496, 530–31 (Bankr. S.D. Fla. 1999) (citations omitted).  The record does not permit the court to make this determination, and therefore the court will deny the Motion as to Count III.

### III.  CONCLUSION

The court recognizes, as it has for many years, that a challenge to exemptions is not tantamount to avoidance and recovery.  *In re Page*, 240 B.R. 548 (Bankr. W.D. Mich. 1999). Nevertheless, the court and the parties must acknowledge that what happens in one part of a bankruptcy case may have consequences in another, and that Congress has endeavored to accommodate sometimes conflicting interests of creditors and debtors throughout the Bankruptcy

Code.  With respect to exemptions -- a key component of a debtor's fresh start -- Congress provides for an expedited determination of exemption rights, and for exceedingly durable protections for exempt property once that determination has been made whether by default or, as here, with the entry of a court order sustaining a limited objection.  That this determination may deprive the estate of some benefits with respect to exempt property is precisely the point of § 522(c), and the court will not permit an end-run around that protection, indeed cannot do so, consistent with the dictates of § 550(a).  Accordingly, the court will grant the Motion to the extent the Trustee seeks an order avoiding the challenged transfer, but deny the Motion to the extent he seeks recovery of the Property, or a money judgment for its value in an amount to be determined at trial.  For the reasons just given, the court is not inclined to award a money judgment against the Debtor, but will permit the Trustee, at trial, to attempt to persuade the court to exercise its discretion under § 550(a) in favor of awarding monetary relief against both Defendants.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (ECF No. 36) is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Carol K. Rosich, John Jay Rosich, Jeff A. Moyer, Esq., Andrew J. Gerdes, Esq., and Robert A. Stariha, Esq.

END OF ORDER

**IT IS SO ORDERED.**

**Dated July 1, 2017**



Scott W. Dales
United States Bankruptcy Judge