UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

CAROL K. ROSICH,

          Debtor.

_____/

JEFF A. MOYER, chapter 7 trustee,

          Plaintiff,

v.

JOHN JAY ROSICH and CAROL K.
ROSICH,

          Defendants.

_____/

Case No. DG 13-06483
Hon. Scott W. Dales
Chapter 7

Adversary Pro. No. 15-80203

MEMORANDUM OF DECISION & ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                 Chief United States Bankruptcy Judge

I. BACKGROUND

In a prior ruling, the court announced its intention to avoid, as a constructively fraudulent transfer, the conveyance by chapter 7 debtor, Carol K. Rosich ("Mrs. Rosich"), to herself and her husband, which created a tenancy by the entireties in a residence (the "Residence") that Ms. Rosich later claimed as exempt.  Having successfully avoided the transfer, the Plaintiff, chapter 7 trustee Jeff A. Moyer (the "Plaintiff" or "Trustee"), sought to recover Mrs. Rosich's interest in the Residence from her and her co-defendant husband, under 11 U.S.C. § 550(a).  The court declined to order the recovery of the Residence, however, because it regarded that relief as inconsistent with Mrs. Rosich's exemption claim.

The court's decision to treat Mrs. Rosich's exemption under § 522(*l*) as barring recovery under § 550(a) prompted the Trustee's suggestion at a prior hearing that it was not too late for him to challenge the exemption because, he claims, Mrs. Rosich "fraudulently asserted" it within the meaning of Fed. R. Bankr. P. 4003(b)(2).[1]   A trustee who asserts a garden-variety objection to exemptions faces a short and unforgiving thirty-day deadline, but a trustee who alleges that the debtor "fraudulently asserted the claim of exemption" may object "at any time prior to one year after the closing of the case."  *Compare* Fed. R. Bankr. P. 4003(b)(1) *with* Fed. R. Bankr. P. 4003(b)(2).

Following up on a footnote in an earlier opinion[2] and the Trustee's suggestion that he might rely on Rule 4003(b)(2), the court sent the parties a letter dated May 10, 2017 (ECF No. 42), intending to give notice under Rule 56(f) of the court's intent to address the issue in connection with the Trustee's earlier summary judgment motion.  After oral argument on that earlier motion, the court found that the Trustee waived any argument under Rule 4003(b)(2) by failing to assert it in response to the court's correspondence.  *See* Amended Memorandum of Decision and Order dated July 1, 2017, at p. 8, n. 2 (the "MDO," ECF No. 45).

Later, at what the court hoped would be the final pretrial conference, the Trustee asked for another chance to make the argument under Rule 4003(b)(2), and Mrs. Rosich and her husband (the "Defendants") agreed.  The court also acceded to the request, given the Defendants' stipulation on the record.

---

[1] In the text of this opinion, the court will refer to any of the Federal Rules of Bankruptcy Procedure or Civil Procedure as "Rule __," relying on the respective numbering systems to differentiate the two sets of rules.  Unless otherwise indicated, all statutory references in the text of this opinion point to particular sections of title 11 of the United States Code (the "Bankruptcy Code").

[2] In an opinion resolving a discovery dispute in this proceeding more than a year ago, the court first acknowledged the possible applicability of Rule 4003(b)(2).  *See* Memorandum of Decision and Order dated Dec. 22, 2016 (ECF No. 28) at p. 8, n. 4.

Accordingly, the Trustee filed Trustee's Motion for Summary Judgment on Objection Under Fed. R. Bankr. P. 4003(b)(2) to Debtor's Claim of Exemption (the "Motion," ECF No. 54). The Defendants filed a response (the "Response," ECF No. 55), and the court heard oral argument on the Motion in Grand Rapids, Michigan, on February 8, 2018. At the conclusion of the hearing, the court agreed to stay its hand to give the parties a brief opportunity to pursue settlement. *See* Order dated February 9, 2018 (ECF No. 57). After the expiration of the stay provided in that Order, with no settlement in prospect, the court is entering this opinion to address the Trustee's contention that, as a matter of law, Mrs. Rosich fraudulently asserted her exemption claim within the meaning of Rule 4003(b)(2).

## II. ANALYSIS

As noted above, the Trustee's prayer for relief in this case rests principally on well-settled theories of avoidance and recovery, here the avoidance of the transfer that created the tenancy by the entireties and the recovery of Mrs. Rosich's former interest in the Residence. Nevertheless, in view of prior developments in the case, the Trustee also objects to Mrs. Rosich's claim of exemption of her interest in the Residence on the ground that she "fraudulently asserted the claim of exemption." Fed. R. Bankr. P. 4003(b)(2). The objection is significant because in its MDO, the court determined that permitting recovery of the Residence under § 550 would amount to an end-run around Rule 4003(b)(1), *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643-44 (1992), and *In re Laurain*, 113 F.3d 595 (6th Cir. 1997), especially given that the Trustee had already resolved a previous objection to exemptions with Mrs. Rosich by accepting payment on account of joint claims. *See* Trustee's Objection to Debtor's Claim of Exemption (ECF No. 8, Base Case No. 13-06483).

If, however, the Trustee is not time-barred from challenging the exemption – *i.e.*, if he can establish Mrs. Rosich "fraudulently asserted the claim of exemption" in the Residence – then, according to the Trustee, the court could still disallow the exemption at this late date.[3]  More to the point of this Motion, the Trustee is hoping to persuade the court that Mrs. Rosich does not have a legitimate exemption claim in the Residence, and that § 522(c) & (k) no longer prevent him from using the property to pay claims.  In other words, without the protection of § 522, the recovery of the Residence would provide a "benefit to the estate": the Trustee could sell the property and use the proceeds to pay claims.  Under these circumstances, the Trustee could justify recovery or other relief under § 550.

In the brief supporting the Motion, Plaintiff's counsel helpfully summarized his client's argument under Rule 4003(b)(2) as follows:

> Knowing that she had engaged in conduct that defrauded her creditors – indeed, intending to do so – Debtor nonetheless asserted in the bankruptcy case that she could exempt the property interest that directly resulted from her own fraudulent conduct. In short, Debtor asserts that she can fraudulently create exempt property with impunity. Michigan law has never allowed this. Claiming as exempt a property interest created through the Debtor's fraudulent conduct constitutes "fraudulently asserting" the claim of exemption.

Plaintiff's Brief (ECF No. 54) at p.2.  Assuming success on this argument, the Plaintiff asks the court to reconsider its conclusion that recovery under § 550 is not available.

In 2008, Rule 4003 was amended to provide a longer deadline for objecting to exemptions "if the debtor fraudulently asserted the claim of exemption."  *See* Fed. R. Bankr. P. 4003(b)(2) (as amended effective Dec. 1, 2008).  Although the amendment has been in effect for nearly ten years, case law interpreting the rule is "scant." *Whatley v. Stijakovich–Santilli (In re Stijakovich-Santilli)*,

---

[3] *But see infra* at pp. 10-11 (discussion regarding preclusive effect of the order sustaining the Trustee's limited objection to the same exemption claim).

542 B.R. 245, 255 (9th Cir. BAP 2015) (holding that the objector must not only show that the facts do not support the exemption, but must also prove that the debtor knowingly deceived the trustee and the creditors at the time the exemption was made).

First, it is worth noting that Rule 4003(b)(2) does not provide an independent, substantive basis for objecting to a debtor's exemption claim. *In re Hurt*, 542 B.R. 798, 803-04 (Bankr. E.D. Tenn. 2015). After the Supreme Court's decision in *Law v. Siegel*, 134 S.Ct. 1188 (2014), and the Sixth Circuit's expansion of *Siegel* in *Ellmann v. Baker*, 791 F.3d 677, 682–83 (6th Cir. 2015), there can be no doubt that debtor misconduct in connection with a bankruptcy case cannot affect exemption rights because such rights are determined exclusively under § 522 (if a debtor claims the so-called "federal exemptions" under § 522(b)(2) & (d)) or, § 522 *and* applicable nonbankruptcy law (if a debtor claims the so-called "state" exemptions under § 522(b)(3)). *See In re Hurt*, 542 B.R. at 803-04 (*citing In re Bogan*, 534 B.R. 346, 348-49 (Bankr. W.D. Wisc. 2015) ("If Congress wanted to give bankruptcy courts the power to deny bad faith exemption amendments, then it would have added a provision to § 522"). The Supreme Court put it this way: "[w]e have no authority to limit the application of § 522(*l*) to exemptions claimed in good faith." *Taylor*, 503 U.S. at 645. So, a debtor does not forfeit an exemption by misrepresenting her entitlement thereto; she only forfeits an exemption if § 522 or applicable nonbankruptcy law so provides. Therefore, the sole purpose of Rule 4003(b)(2) is to create a deadline, not grounds, for objecting to exemptions.

A brief detour to consider § 522(o), discussed during the hearing on the Motion, fortifies this conclusion. That provision specifically limits state law exemptions in residential property (such as the exemption Mrs. Rosich claimed) to the extent premised on actually fraudulent transfers occurring within the decade before bankruptcy (as the Trustee is now claiming). When

Congress added § 522(o) as an additional fraud-based ground for limiting state law exemptions in 2005[4] – long after *Taylor's* definitive interpretation of Rule 4003(b)(1) in 1992 – it was certainly aware that the strict 30 day deadline prescribed in Rule 4003(b)(1) would apply to this new ground for objecting to certain exemption claims.[5]  Indeed, Rule 4003(b)(2) was not added until 2008, so it is fair to conclude that Congress and the Supreme Court assumed that challenges to the exemption of an interest in a debtor's residence based on a fraudulent transfer theory (such as the Trustee has advanced) must be brought within the time prescribed in Rule 4003(b)(1), rather than Rule 4003(b)(2).  Despite the intuitive appeal of the Trustee's argument that Mrs. Rosich filed Schedule C in bad faith as the final step in a fraudulent scheme, the rules do not give the court the authority to grant the relief the Trustee seeks, based on the Debtor's prepetition transfer, at this late stage in the case.  *Taylor*, 503 U.S. at 645.  If timely asserted, § 522(o) might have supplied a federal statutory basis for limiting the Debtor's state law exemption based on the fraudulent transfer theory, just as Michigan case law might have, but the court hews to its earlier conclusion that a trustee must bring such challenges within the time prescribed in Rule 4003(b)(1).

Consequently, the question becomes, what showing must a trustee make in order to trigger the longer deadline for presenting independent grounds for an objection?

The only appellate decision the court has found addressing the meaning of Rule 4003(b)(2) focused on the common meaning or notion of fraud:

> [T]he word "fraud" and its derivatives refer to (1) a representation (2) that the speaker knew was false when the speaker made the representation, (3) that the speaker made with the intent to deceive another, (4) on which the hearer justifiably relied, and (5) which caused damage to the hearer.

---

[4] *See* Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 § 308 (April 20, 2005).

[5] "When Congress amends the bankruptcy laws, it does not write 'on a clean slate.'"  *Dewsnup v. Timm*, 502 U.S. 410, 419 (1992) (citation omitted).

*In re Stijakovich-Santilli*, 542 B.R. at 255; *In re Koki*, Slip Op. Case No. 17–01055, 2018 WL 816812, *3 n. 7 (Bankr. D. Haw. Feb. 9, 2018) (noting in *dicta* that the requirement for longer deadline of Rule 4003(b)(2) is "not an easy standard to meet").   In identifying the misrepresentation, the 9th Circuit's bankruptcy appellate panel emphasized the factual, as opposed to the legal, predicate for the exemption claim, referring to the underlying "facts" at least four times in the course of identifying the relevant misrepresentation. *Stijakovich-Santilli*, 542 B.R. at 256.  The court then summarized its interpretation of Rule 4003(b)(2):

> In order to establish that the debtor fraudulently asserted the exemption, the objector must do more than show that the facts do not support the claim of exemption. The objector must also show that the debtor knew, *at the time she claimed the exemption*, that the facts did not support that claim, and that she intended to deceive the trustee and creditors *who read the schedules*.

*Id.* (emphasis added).  The Bankruptcy Appellate Panel's emphasis on a debtor's factual assertions has a temporal element – "at the time she claimed the exemption" – and a subjective element related to the case the debtor must have "intended to deceive the trustee and creditors who read the schedules." *Id.*  Its emphasis on the timing and the schedules, rather than any misconduct in prepetition exemption planning, is not surprising for at least two reasons.

First, as noted above, *Taylor*, *Siegel*, and *Ellman* make clear that only the statute or applicable nonbankruptcy law can provide the substantive basis for objecting to exemptions; the rules cannot.  Rules address procedure in connection with a case, not substantive consequences of prepetition activity.  *Cf.* 28 U.S.C. § 2075 (bankruptcy rules shall not "abridge, enlarge, or modify any substantive right").

In point of fact, the history of the 2008 amendment to Rule 4003(b)(2) suggests that the drafters were unwilling to use the rule amendment process to overrule *Taylor* and its holding that a party in interest who does not object to an exemption within the thirty-day period in Rule

4003(b)(1) cannot later contest the exemption, regardless of whether the debtor has a colorable statutory basis for claiming it. *See* Advisory Committee on Bankruptcy Rules, Minutes of Sept. 9-10, 2004 Meeting at p. 11 (discussing Judge Wedoff's proposal to amend Rule 4003(b) to allow retroactive extension of time to object to exemptions when there is "no good faith basis" and characterizing his proposal as "an effort to override" *Taylor*). The drafters eventually settled on the "fraudulently asserted" standard in order to "protect a debtor who innocently submits an unjustified claim of exemptions." *See* Advisory Committee on Bankruptcy Rules, Minutes of Sept. 29-30, 2005 Meeting at p. 10. The history of the rule, like the analysis in *Stijakovich-Santilli*, focuses on the debtor's actions in claiming the exemption rather than any prepetition misconduct.

Second, as a practical matter, it is sensible to interpret Rule 4003(b)(2) as operating like any other fraud-based tolling provision in a statute of limitation, by giving interested parties additional time to object if their inaction in asserting their rights is the justifiable product of another person's fraudulent misrepresentation of fact.

Returning to the Motion, the Plaintiff points to record evidence, specifically the response to an interrogatory that asked what motivated the creation of the entireties estate, to show that the Debtor fraudulently asserted her exemption claim. More specifically, when asked what motivated the transfer from the Defendants' trust into the tenancy by the entireties, they replied, "[i]f held by the entireties the property would be protected from the claims of their individual creditors." *See* Motion at Exh. 1 (response to Plaintiff's First Set of Combined Discovery Requests, pp. 10-11, Interrogatory No. 5). In fairness, however, the response to the interrogatory also included estate planning and Medicaid planning concerns. Excerpts from the Deposition of Robert A. Stariha, Defendants' counsel, also suggest that, at the time of the prepetition transfer, the Defendants were aware of the risk that their creation of the entireties estate could be attacked as a fraudulent

conveyance, whether the Defendants landed in bankruptcy court or not.  *See* Motion at Exh. 2 (excerpts from deposition of Mr. Stariha).

The Plaintiff also identifies several badges of fraud in connection with the creation of the entireties estate, including the following which could permit the court to infer fraudulent intent:

   • The Transfer was to an "insider," *i.e.*, Debtor's husband;

   • Debtor retained control and possession of the Real Property;

   • Before the Transfer, Debtor had been sued;

   • Debtor was insolvent at the time of the Transfer;

   • The Transfer was of substantially all of Debtor's assets; and

   • Debtor received no consideration in exchange for the Transfer measured from
   the perspective of her creditors.

Plaintiff's Brief at p. 4.  Significantly, other than hypothesizing the prepetition scheme to defraud creditors, the Plaintiff's Motion does not identify a single factual misrepresentation in connection with the act of asserting the exemption during the case.  Mrs. Rosich listed her Residence in her bankruptcy schedules by describing an interest in certain real property she identified as "Principal residence located at 6956 E. Gale Road, Hesperia, MI held jointly with non-filing spouse."  She described the nature of her interest as "Tenancy by the Entirety," elected the exemption scheme under § 522(b)(3) (nonbankruptcy law) and claimed her interest in the Residence as exempt under Mich. Comp. Laws § 600.6023a.  There is no dispute that, as of the petition date, the Debtor and her non-filing husband indeed owned the Residence as tenants by the entireties, or that the Debtor had properly scheduled her interest.

Assuming, for argument's sake, Plaintiff's reliance on prepetition facts would support an inference in the Trustee's favor that, in the words of the *Stijakovich-Santilli* court, the Debtor "knew, at the time she claimed the exemption, that the facts did not support that claim, and that

she intended to deceive the trustee and creditors who read the schedules," a litigant generally cannot rely on favorable inferences to succeed on summary judgment. *Rogan v. Bank One, N.A. (In re Cook)*, 457 F.3d 561, 565 (6th Cir. 2006) (*citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 547 (1986)).  Moreover, the Defendants have denied that the prepetition transfer was principally to defeat creditors, arguing that "[t]he sole and discreet consideration of the Defendants was to qualify for Medicaid." Defendants' Brief at p. 3.  They further state that "the primary and overriding consideration for the execution of the deed sought to be avoided was so that the Debtor would qualify for Medicaid, because she could not while the property was held in a Trust." *Id.* at p. 5.  Drawing inferences against the Plaintiff under Rule 56, the record evidence shows at the very least that in creating the entireties estate the Defendants had mixed motives.  It is also noteworthy, at this stage in the case, that the Defendants sought and relied on the advice of counsel in structuring their affairs.  At this stage in the proceeding, the court may infer, based in part on their lawyer's ethical duties, that such reliance was reasonable, designed to conform their conduct to the law, and not a part of a scheme to defraud.

Even if one rejects the court's interpretation, and the interpretation of the *Stijakovich-Santilli* panel, the Defendants' argument premised on the preclusive effect of the court's order resolving the Plaintiff's objection to exemptions prevents the court from giving the Plaintiff a second chance to assert his objection to exemption.  *See* Order Granting Trustee's Objection to Debtor's Claim of Exemptions (entered Nov. 13, 2013 as ECF No. 17 in Base Case No. 13-06483) (the "Exemption Order"); *see also* Defendants' Brief in Opposition to Trustee's Motion for Summary Judgment on Objection Under Fed. R. Bankr. P. 4003(b)(2) to Debtor's Claim of Objection (ECF No. 55) at p. 3 (referring to settlement of exemption dispute).  As the Defendants have argued, the Exemption Order disallowed the exemption claim only to the extent of joint

claims, which the Defendants paid in obedience to that order.  In other words, even accepting the Plaintiff's construction of Rule 4003(b)(2) as extending the deadline to object to exemptions premised on fraudulent transfers, there is nothing within the text of the rule that in any way undercuts the preclusive effect of the Exemption Order; relief from court orders in the trial court based on an opponent's fraud falls under Rule 60(b)(3), made applicable by Rule 9024.  The Plaintiff has not made such a motion and is precluded from making one now, four and a half years after entry of the order.  *See* Fed. R. Civ. P. 60(c)(1) (motion for relief from order premised on opposing party's fraud, misrepresentation, or other misconduct must be made within one year after entry of the order).

### III. CONCLUSION

For the foregoing reasons, the court will deny the Motion, and will conduct a final pretrial conference to discuss setting a trial on the remaining issues at the convenience of the court, the parties, and their counsel.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (ECF No. 54) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision & Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Carol K. Rosich, John Jay Rosich, Jeff A. Moyer, Esq., Andrew J. Gerdes, Esq., and Robert A. Stariha, Esq.

END OF ORDER

**IT IS SO ORDERED.**

**Dated March 30, 2018**



Scott W. Dales
United States Bankruptcy Judge